MR. JUSTICE MORRISON
delivered the Opinion of the Court.
The District Court of the Thirteenth Judicial District, County of Yellowstone, granted summary judgment January 27, 1986, in favor of defendants, Shipton Supply Company and Greg Carroll. The judgment was premised on plaintiff, Pam Drinkwalter’s failure to obtain a. right-to-sue letter from the Human Rights Commission prior to filing a civil suit alleging sexual harassment. Pam Drinkwalter appeals.
Pam Drinkwalter was employed by Shipton Supply Company from October of 1980 through July of 1983. Greg Carroll, a son of the president of Shipton Supply Company, was Drinkwalter’s supervisor. In early July of 1983, Drinkwalter told Carroll’s brother, also a supervisor for Shipton Supply, that she was perturbed by sexual comments and actions directed by Greg Carroll to herself and other individuals. She further stated that if the behavior continued, she would quit her job. The behavior ceased; however, Drinkwalter still terminated her employment with Shipton Supply in mid-July.
Drinkwalter subsequently filed a claim with the State of Montana, Department of Labor and Industry, for unemployment compensation benefits. Drinkwalter alleged that Greg Carroll’s crude behavior established sufficient cause to leave her employment. Carroll adamantly disagreed, contending Drinkwalter quit work because her request not to work weekends was denied. The Department of Labor and Industry found in favor of Drinkwalter and granted unemployment compensation benefits.
Thereafter, Drinkwalter contacted new counsel for the purpose of pursuing a civil suit.
The complaint in this action was filed fifteen months after Drinkwalter left her job, October 9, 1984. It is a multiple-count complaint. Count one alleges acts which constitute sexual harassment. Count two alleges that the acts constituted a breach by defendants of the covenant of good faith and fair dealing in an employment relationship. Count three contends that Shipton Supply Company is liable under a negligence theory for failure to properly investigate, correct and prevent Greg Carroll’s behavior. Finally, count four alleges that Greg Carroll’s behavior constituted a tortious interference *382 with the contract of employment between Drinkwalter and Shipton Supply.
In their answer, defendants deny most of the allegations in the complaint and present the court with several affirmative defenses.
The parties thereafter prepared to try the case. On October 17, 1985, defendants moved for summary judgment, alleging in pertinent part:
“1. Plaintiff’s Complaint states a cause of action cognizable under Montana’s Human Rights Act, which Act requires a ‘right to sue’ letter be issued by the Human Rights Commission before suit in district court may be brought. No such right to sue letter was ever issued in this matter.
“2. Plaintiff’s Complaint fails to state a cause of action cognizable under Montana law separate and apart from specific rights and remedies provided in Montana’s Human Rights Act.”
Following extensive briefing and a hearing on the matter, the trial judge granted defendants’ motion for summary judgment. In his memorandum and order, the trial judge found that each of the counts in Drinkwalter’s complaint was premised on allegations of sexual harassment and that the sexual harassment was of the type contemplated by the Montana Human Rights Act. He then determined that the Montana Human Rights Act provided the exclusive remedy by which the alleged wrongs could be remedied. Drinkwalter’s complaint was “dismissed without prejudice with the understanding that Plaintiff may refile her Complaint within 90 days of obtaining a so-called ‘Right to Sue’ letter from the Montana Human Rights Commission.”
Three issues are raised on appeal:
1. Do the provisions of the Montana Human Rights Act provide the exclusive remedy for claims of sexual harassment in Montana?
2. Do Sections 49-2-501(2) and 49-2-509(2), MCA, prescribe a constitutionally valid 180 day statute of limitations for all claims of sexual harassment in Montana?
3. Did the District Court err in granting defendants’ motion for summary judgment in totol
There appears to be no disagreement among the parties that the actions of Greg Carroll complained of by Pam Drinkwalter, if true, constitute sexual harassment. The controversy arises with respect to the appropriate remedy for the harassment. Defendants contend the Montana Human Rights Act provides the sole and exclusive remedy in sexual harassment suits. We disagree.
*383 Section 49:2-303(l)(a), MCA, of the Montana Human Rights Act, provides:
“Discrimination in employment. (1) It is an unlawful discriminatory practice for:
“(a) an employer to refuse employment to a person, to bar him from employment, or to discriminate against him in compensation or in a term, condition, or privilege of employment because of his race, creed, religion, color, or national origin or because of his age, physical or mental handicap, marital status, or sex when the reasonable demands of the position do not require an age, physical or mental handicap, marital status, or sex distinction.”
Our act is very similar to the Federal Anti-Sex Discrimination statutes. The federal act provides at 42 U.S.C. Section 2000e-2(a)(2) that:
“It shall be an unlawful employment practice for an employer —
“(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual’s race, color, religion, sex, or national origin.”
Federal courts have interpreted the term “sexual discrimination” as found in 42 U.S.C. Section 2000e-2(a)(2) to encompass sexual harassment. See Barnes v. Costle (D.C. Cir.1977), 561 F.2d 983 and Bundy v. Jackson (D.C. Cir. 1981), 641 F.2d 934. We view this as a broad interpretation of the term “sex discrimination,” explained, perhaps, by the absence of federal common law. Traditional remedies for sexual harassment are rooted in common law. Since there is no federal common law remedy for sexual harassment, it is defined and treated as sexual discrimination.
Such is not the situation in Montana. Our 1972 Constitution provides in Article II, Section 4 that:
“The dignity of the human being is inviolable. No person shall be denied the equal protection of the laws. Neither the state nor any person, firm, corporation, or institution shall discriminate against any person in the exercise of his civil or political rights on account of race, color, sex, culture, social origin or condition, or political or religious ideas.”
In addition, there are several common law causes of action under which sexual harassment in the work place may be prosecuted. This Court has recognized a cause of action for a discharge from employ *384 ment which violates public policy. Dare v. Montana Petroleum Marketing Co. (Mont. 1984), [212 Mont. 274,] 687 P.2d 1015, 41 St.Rep. 1735; Nye v. Department of Livestock (1982), 196 Mont. 222, 639 P.2d 498. Sexual harassment is against public policy. Holien v. Sears, Roebuck and Co. (1984), 298 Or. 76, 689 P.2d 1292; Chamberlin v. 101 Realty, Inc. (D.N.H. 1985), 626 F.Supp. 865. It also violates public policy embodied in Montana’s Constitution and various anti-discrimination statutes. See Sections 49-1-101 and -102, MCA.
Montana law also recognizes a cause of action for breach of an employment contract’s implied covenant of good faith and fair dealing. Crenshaw v. Bozeman Deaconess Hospital (Mont. 1984), [213 Mont. 488,] 693 P.2d 487, 41 St.Rep. 2251; Gates v. Life of Montana Insurance Co. (1982), 196 Mont. 178, 638 P.2d 1063. Good faith and fair dealing preclude sexual harassment. Although the final determination rests with the fact finder, sexual harassment, as alleged by Pam Drinkwalter, can result in breach of the implied covenant of good faith and fair dealing.
In her complaint, Pam Drinkwalter also alleges tortious interference with her employment contract and negligent employee supervision by Shipton Supply. We need not determine the merits of these charges at this time. It is sufficient for us to hold only that the facts alleged by Pam Drinkwalter could support common law theories rooted in tort law distinct from and in addition to sexual discrimination charges covered by Montana’s Human Rights Act. To hold otherwise would result in the elimination of established common law causes of action. Absent a clear indication of the legislature’s intent to abrogate existing common law remedies, we must construe new statutory remedies as existing in addition to, rather than instead of, the common law remedies.
“As a general rule, if a statute which provides for a new remedy shows no intention to negate, either expressly or by necessary implication, a pre-existing common law remedy, the new remedy will be regarded as merely cumulative, rather than exclusive, with the result that a plaintiff may resort to either the pre-existing remedy or the new remedy.” (Citations omitted.)
Brown v. Transcon Lines (1978), 284 Or. 597, 588 P.2d 1087 at 1093.
Further, claimants would be forced to pursue administrative remedies for wrongs traditionally righted within the judicial system. The courthouse would be closed to individuals against whom a tort had been committed, thus contravening our constitutional right of access to the courts found in art. II, Section 16 of the 1972 Montana Con *385 stitution. Our citizens’ right to a trial by jury under Art. II, Section 26 of the 1972 Montana Constitution, would be abridged as well.
If we were to decide the Human Rights Act provides the sole and exclusive remedy for all claims arising out of sexual harassment, we would also be imposing the 180 day statute of limitation found in Section 49-2-501(2), MCA, on every possible remedy. Under our decision in Noll v. City of Bozeman (1975), 166 Mont. 504, 534 P.2d 880, such a short period of limitation would be invalid. We are to strive, if at all possible, to construe a statute in a constitutional manner. All doubts with respect to statutory interpretation must be resolved in favor of constitutional validity. Noll, 166 Mont, at 507, 534 P.2d at 881. We therefore find the imposition of the 180 day statute of limitations to be further proof of the legislature’s intent that the Human Rights Act not be the sole remedy for acts which also give rise to a cause of action independent of the statute..
If Montana common law failed to provide a remedy for the tort of sexual harassment, we would not hesitate to include sexual harassment as a form of sex discrimination covered by the Human Rights Act. However, because there are other remedies available to sexual harassment victims, we see no reason to construe the Human Rights Act so broadly. Instead, we adopt a more narrow construction of the Act and find that it does not provide the sole and exclusive remedy for sexual harassment.
The trial court’s order granting Shipton’s motion for summary judgment and requiring that Pam Drinkwalter obtain a right-to-sue letter is reversed. We remand for further proceedings.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES HARRISON, SHEEHY, WEBER and HUNT concur.