Glenda J. HAYS, Carolyn J. Kramer, and Patricia Gentry, Plaintiffs,

v.

PATTON–TULLY TRANSPORTATION COMPANY, Bobby Knight, Dave Brown, James Holt and Bill Travis, Defendants.

No. 93–2667–4 BRE.

United States District Court, W.D. Tennessee, W.D.

Dec. 29, 1993.

Robert A. Bogdan, Dowden & Zdancewicz, Memphis, TN, for plaintiffs.

Frederick J. Lewis, Theofilos G. Galoozis, Donna K. Fisher, McKnight, Hudson, Lewis & Henderson, Memphis, TN, for defendants.

## ORDER GRANTING IN PART AND DENYING IN PART PATTON–TULLY'S PARTIAL MOTION TO DISMISS

McRAE, Senior District Judge.

Before the Court is a Partial Motion To Dismiss ("Motion") filed on behalf of defendant Patton–Tully Transportation Company ("Patton–Tully") for failure to state a claim, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

### FACTS

This is a sexual harassment case. The Complaint was filed on July 30, 1993. Plaintiffs, Glenda J. Hays, Carolyn J. Kramer and Patricia Gentry (collectively, "plaintiffs") were employees of Patton–Tully, a corporation. Patton–Tully's offices are in Memphis, Tennessee. The individual defendants—Bobby Knight, James Brown, Dave Holt and Bill Travis—were alleged to have been employed by Patton–Tully as well. According to the Complaint, plaintiffs were subjected to sexual harassment and a sexually hostile work environment, which forced them to resign. One of the plaintiffs, Carolyn J. Kramer, has also alleged racial harassment and intimidation contributing to her forced resignation.

Plaintiffs assert the following causes of action: 1) unlawful employment discrimination in violation of Title VII, 42 U.S.C. § 2000e, et seq.; 2) a pendent state law claim of unlawful discrimination in violation of the Tennessee Human Rights Act ("THRA"), Tenn.Code Ann. § 4–21–101, et seq.; 3) a pendent state claim of outrageous conduct or the infliction of reckless or intentional emotional distress; and, 4) a pendent state law claim against Patton–Tully of negligent supervision under Tennessee common law.

### DISCUSSION

The Motion argues for dismissal of: 1) all negligent supervision claims, because such claims are not cognizable under Tennessee law, and 2) all state law claims of plaintiff Carolyn J. Kramer, because they are barred by the applicable statutes of limitations. The Court will first address the negligent supervision claims.

### Negligent Supervision Claims

The narrow issue to be decided is whether Tennessee recognizes a claim for negligent supervision by an employer in the context of sexual harassment by co-employees.

Taking plaintiffs' allegations as true, as the Court must, it may be inferred that plaintiffs were sexually harassed by co-employees, that plaintiffs objected, and that Patton–Tully took insufficient action, if any, to stop the harassing conduct of its employees. Complaint, paras. 11–19. The Complaint further alleges that each plaintiff suffered intentional infliction of severe emotional distress. Id., paras. 13, 16, 19.

The usual context for a claim of negligent supervision by an employer of its employees, or the closely related claims of negligent hiring and retention, is where the wrongful conduct of an employee injures an outside third party. See, Plains Resources, Inc. v. Gable, 235 Kan. 580, 682 P.2d 653 (1984); Evans v. Morsell, 284 Md. 160, 395 A.2d 480 (1978). Such claims are used where liability under respondeat superior is not available because the offending employee's conduct arose outside the scope of employment. Hogan v. Forsyth Country Club Co., 79 N.C.App. 483, 340 S.E.2d 116, 124 (1986). The Restatement of Torts, Second, § 317, recognizes that, under certain circumstances of foreseeability, a duty of reasonable care may arise in an employer to control the conduct of an employee to prevent him from intentionally harming others.

■ With respect to Tennessee precedent for negligent supervision claims, plaintiff cites John Martin Co., Inc. v. Morse/Diesel, Inc., 819 S.W.2d 428 (Tenn.1991). The negligent supervision principle is arguably more clearly applied in another case, Wishone v. Yellow Cab Co., 20 Tenn.App. 229, 97 S.W.2d 452 (Ct.1936), where the Court of Appeals

found a jury question whether the defendant cab company was negligent in hiring or retaining a driver with a history of epileptic seizures who had an accident injuring the plaintiff passenger. *See also, Doe v. Coffee County Bd. of Education,* 852 S.W.2d 899, 908–909 (Ct.App.Tenn.1992) (negligent hiring claim against school board arising from teacher's alleged sexual abuse of students was held not barred as a matter of law under statutory discretionary function immunity). From these cases, the Court is persuaded that Tennessee generally recognizes the tort of negligent supervision.

■ There are apparently no Tennessee cases, however, treating the specific issue whether a negligent supervision claim is cognizable when brought by an employee in a sexual harassment case. If the state's highest court has not spoken, a federal court must ascertain from all available data what the state law is and apply it. *Clutter v. Johns–Manville Sales Corp.,* 646 F.2d 1151, 1153 (6th Cir.1981).

Courts from several other jurisdictions have addressed the issue. The majority have recognized common law actions for negligent supervision or retention in the context of sexual harassment by supervisors or co-employees. *Harrison v. Edison Bros. Apparel Stores, Inc.,* 814 F.Supp. 457 (M.D.N.C.1993) (negligent retention claim arising from tortious acts of co-employee in the context of sexual harassment) (North Carolina law); *Hogan v. Forsyth Country Club Co., supra* (negligent hiring and retention claims by females based upon abusive sexual conduct of co-employees); *Byrd v. Richardson–Greenshields Sec.,* 552 So.2d 1099 (Fla.1989) (negligent hiring and retention claim by female alleging battery and verbal sexual advances by supervisor); *Cox v. Brazo,* 165 Ga.App. 888, 303 S.E.2d 71 (Ct.1983), *aff'd,* 251 Ga. 491, 307 S.E.2d 474 (1983) (negligent retention claim based upon sexually offensive conduct by supervisor); *Kresko v. Rulli,* 432 N.W.2d 764 (Ct.App.Minn.1988) (negligent retention claim based on sexual harassment by male supervisor); *Drinkwalter v. Shipton Supply Co.,* 225 Mont. 380, 732 P.2d 1335 (1987) (negligent supervision and retention claim by female alleging sexual comments by

supervisor). It appears that at least one state, Virginia, does not recognize negligent supervision claims in the employment/sexual harassment context, at least where the plaintiff has been subjected to no more than verbal harassment and sexual horseplay. *Spencer v. General Electric Co.,* 894 F.2d 651 (4th Cir.1990). Virginia law imposes no common law duty upon employers to protect their employees from verbal and non-physical harassment only. *Spencer* at 657.

■ After considering the cases in Tennessee and elsewhere, the Court has concluded that Tennessee would recognize a negligent supervision claim in the employment context, assuming all elements of liability are met. Aside from the well-reasoned authorities from sister states allowing such a claim, the Court is not convinced, as Patton–Tully contends, that allowing the tort in the area of employment disputes is a revolutionary expansion of the law. Tennessee courts have already recognized the tort of negligent supervision, generally.

■ A claim that an employer negligently supervised an employee who has sexually harassed a co-employee does not transmute sexual harassment into a common law tort. Sexual harassment has never been a common law tort; as a cause of action, it is a statutory creation. *Griggs v. National R.R. Passenger Corp.,* 900 F.2d 74, 75 (6th Cir. 1990). A negligent supervision claim cannot be based solely upon an underlying claim of sexual harassment *per se,* because the effect would be to impose liability on employers for failing to prevent a harm that is not a cognizable injury under the common law. Sexual harassment, however, may include misconduct by a co-employee that is independently actionable under the common law, such as battery or intentional infliction of emotional distress. Thus, this Court finds that a negligent supervision claim will lie in a sexual harassment case if supported by a viable claim of tortious conduct by the offending co-employee. *See, Hogan v. Forsyth County Club Co.,* 340 S.E.2d at 124–5.

Plaintiffs here have alleged that the harassment constituted intentional infliction of emotional distress. Therefore, for the

reasons given, the Court finds that plaintiffs' claims for negligent supervision are recognized under Tennessee law.

State Law Claims of Carolyn J. Kramer

Plaintiff Carolyn J. Kramer resigned her employment on March 24, 1992. This action was filed more than a year thereafter. In her response, plaintiff Kramer concedes that her claim under the THRA is therefore time-barred by the applicable one-year statute of limitations located at T.C.A. § 4–21–311. (Memorandum in Opposition, 8–9). Kramer further concedes that her suit was untimely filed with respect to her state law claims for negligent supervision and intentional infliction of emotional distress under Tennessee's one-year period for personal injury suits, T.C.A. § 28–3–104(a)(1). (Id.).

Consequently, Carolyn J. Kramer's state law causes of action are clearly time-barred and will therefore be dismissed.

### SUMMARY

Accordingly, Patton–Tully's partial motion to dismiss is **GRANTED** in part to the extent of all state law claims of Carolyn J. Kramer, which are hereby **DISMISSED;** the motion is **DENIED** in part to the extent of the state law claims of negligent supervision brought by Glenda J. Hays and Patricia Gentry.

**IT IS SO ORDERED.**