No. 95-024

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

JAMES EDWARD CHANCE, III,

      Plaintiff and Appellant,

  v.

CAROL THOMAS HARRISON and the
MONTANA HUMAN RIGHTS COMMISSION,

      Defendants and Respondents.

FILED

JUL 17 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

        Samuel M. Warren, St. Peter & Warren, P.C.,
        Missoula, Montana

     For Respondents:

        Rex Palmer, Attorneys, Inc., P.C., Missoula,
        Montana

        Paulette Kohman, Montana Human Rights Commission,
        Helena, Montana


Submitted on Briefs:  May 26, 1995

Decided:  July 17, 1995

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

James Edward Chance, III (Chance), appeals the decision of the Fourth Judicial District Court, Missoula County, denying his motion for summary judgment. We affirm.

The sole issue on review is whether the District Court erred in denying Chance's motion for summary judgment on the grounds that the statute of limitations was equitably tolled.

Carol Thomas Harrison (Harrison) went to work for Chance in September 1986. Harrison groomed and trained Chance's horses and maintained and cleaned his barn. Harrison terminated her employment with Chance on March 17, 1987, following several alleged incidents of sexual harassment.

On September 28, 1987, Harrison filed a civil suit in the Fourth Judicial District Court, Missoula County, alleging various torts against Chance. On October 18, 1989, the District Court dismissed Harrison's claim. The court determined that all allegations set forth in her complaint stemmed from the alleged sexual harassment by Chance. The court went on to conclude that, pursuant to § 49-2-509, MCA, a claimant alleging sexual harassment must exhaust his or her administrative remedies with the Montana Human Rights Commission. Because Harrison had not pursued her administrative remedies with the Human Rights Commission, the District Court dismissed her claim without prejudice.

Harrison appealed the District Court's decision to this Court. In affirming the District Court, we concluded that § 49-2-509, MCA, provided Harrison's exclusive remedy. Harrison v. Chance (1990),

2

244 Mont. 215, 797 P.2d 200 (Harrison I). We noted, in dicta, that due to the enactment of an amendment to § 49-2-509, MCA, between the time Harrison terminated her employment with Chance and the filing of her complaint in District Court, the 180-day statute of limitation for filing a claim with the Human Rights Commission may be equitably tolled. Harrison I, 797 P.2d at 208.

Harrison filed a complaint with the Human Rights Commission on December 20, 1990. The hearing examiner determined that, while more than 180 days had elapsed since Harrison's discharge, the statute of limitations was equitably tolled. The hearing examiner relied on this Court's dicta in Harrison I in tolling the statute of limitations.

Following a hearing, the hearing examiner held in favor of Harrison, awarding over $43,000 in lost wages and other damages. Chance appealed the decision of the Human Rights Commission to the Fourth Judicial District Court, Missoula County, arguing that Harrison's claim was not timely filed and that the 180-day statute of limitations should not have been equitably tolled. Chance moved for summary judgment on these grounds. The court denied Chance's motion for summary judgment, upholding the decision of the Human Rights Commission. Chance appeals the denial of his motion for summary judgment.

Did the District Court err in denying Chance's motion for summary judgment on the grounds that the statute of limitations was equitably tolled?

We review a district court's denial of a summary judgment motion de novo. Summary judgment is proper only when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P.; Minnie v. City of Roundup (1993), 257 Mont. 429, 849 P.2d 212.

Chance argues that Harrison's claim with the Human Rights Commission should have been time-barred because she did not file her complaint within the 180-day statute of limitation. We disagree.

On March 17, 1987, the date of Harrison's termination, an appeal to the Human Rights Commission was not Harrison's exclusive remedy. Pursuant to our decision in Drinkwalter v. Shipton Supply Company, Inc. (1987), 225 Mont. 380, 732 P.2d 1335, an individual alleging sexual harassment could initiate proceedings directly in the district court without first filing a complaint with the Human Rights Commission. In Drinkwalter we stated:

> If we were to decide the Human Rights Act provides the sole and exclusive remedy for all claims arising out of sexual harassment, we would also be imposing the 180 day statute of limitation found in § 49-2-501(2), MCA, on every possible remedy. . . . We therefore find the imposition of the 180 day statute of limitations to be further proof of the legislature's intent that <u>the Human Rights Act not be the sole remedy for acts which also give rise to a cause of action independent of the statute</u>.

<u>Drinkwalter</u>, 732 P.2d at 1339 (emphasis added).

However, on April 16, 1987, after Harrison's termination but prior to the filing of her initial complaint in District Court, a legislative amendment of § 49-2-509, MCA, went into effect. The amendment added the following provision to § 49-2-509, MCA:

4

(7) The provisions of this chapter establish the exclusive remedy for acts constituting an alleged violation of this chapter, including acts that may otherwise also constitute a violation of the discrimination provisions of Article II, section 4, of the Montana constitution or 49-1-102. No other claim or request for relief based upon such acts may be entertained by a district court other than by the procedures specified in this chapter.

This amendment effectively overruled this Court's decision in Drinkwalter and mandated that the Human Rights Act was the sole and exclusive remedy for a sexual harassment cause of action.

Harrison proceeded with her case in District Court. The District Court dismissed her cause of action based on the amended language of § 49-2-509, MCA, set forth above. In affirming the District Court's decision, we noted that Harrison might still be able to instigate an action with the Human Rights Commission despite the clear elapse of 180 days since the time of her discharge. We stated:

> In Erickson v. Croft (1988), 233 Mont. 146, 760 P.2d 706, this Court looked favorably upon the doctrine of equitable tolling. Under that doctrine, the statute of limitations may be tolled when a party reasonably and in good faith pursues one of several possible legal remedies and the claimant meets three criteria:
>
> > "(1) timely notice to the defendant within the applicable statute of limitations in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim."
>
> Erickson, 233 Mont. at 150-51, 760 P.2d at 708. In Erickson, we found no need to adopt equitable tolling because the appellant failed to meet the first criteria; the first claim did not give adequate notice of the second claim. Erickson, 233 Mont. at 152, 760 P.2d at 709.

5

> Under the facts of this case, the doctrine of equitable tolling may be appropriate if Harrison refiles her claim with the Human Rights Commission. Unlike Erickson, here the District Court claim may give Chance adequate notice of a claim before the Commission. Furthermore, in filing with the District Court, the appellant appears to have relied reasonably and in good faith upon this Court's holding in Drinkwalter. As a case of first impression holding that the legislature overruled Drinkwalter, this case should not prevent the appellant from having her substantive claims heard by the Human Rights Commission.

Harrison I, 797 P.2d at 208.

First, we note that at the time of the alleged torts, Harrison had two legal remedies. Pursuant to our decision in Drinkwalter, Harrison was entitled to file her claim in District Court or pursue her administrative remedies with the Human Rights Commission. Unlike our recent decision in Hash v. U.S. West (1994), 268 Mont. 326, 886 P.2d 442, Harrison reasonably and in good faith pursued one of two potential legal remedies. We declined to apply the doctrine of equitable tolling in Hash because at the time of Hash's claim, the legislature had already amended § 49-2-509, MCA, and this Court had handed down its decision in Harrison I in which we determined that the amended language of § 49-2-509(7), MCA, precluded bringing sexual harassment claims in district court. Hash, 886 P.2d at 446. Therefore, Hash had only one legal remedy, that being to file her claim with the Human Rights Commission. Hash is thus clearly distinguishable from this case.

Harrison relied reasonably and in good faith on this Court's holding in Drinkwalter. A review of our decision in Harrison I reveals Harrison reasonably believed that the amended version of § 49-2-509, MCA, either was inapplicable to her claims or, if

6

applicable, would not apply because the alleged torts occurred before the effective date of the statute.

Harrison filed her initial claim within the applicable statute of limitation. The final tort allegedly occurred on March 17, 1987, the day Harrison terminated her employment with Chance. Harrison filed her complaint in District Court on September 28, 1987. Such a filing was well within the applicable three-year tort statute of limitations. Section 27-2-204, MCA. Chance argues that, under Erickson v. Croft (1988), 233 Mont. 146, 760 P.2d 706, Harrison had a duty to file her complaint within 180 days, the statute of limitations applicable for a Human Rights Commission claim.

Even if such an interpretation of Erickson is correct, we conclude that Harrison satisfied the 180-day filing requirement. Prior to the amendments to § 49-2-509, MCA, Harrison was entitled to file her complaint in District Court. Only after § 49-2-509, MCA, was amended was Harrison required to file with the Human Rights Commission. The amendment to § 49-2-509, MCA, went into effect on April 16, 1987. The 180-day statute of limitations therefore commenced running on the effective date of the statute, not on March 17, 1987. Harrison filed her initial claim in District Court within 180 days of the April 16 effective date of the amendment. Harrison therefore satisfied the Human Rights Commission statute of limitation as well as the tort statute of limitation.

7

A review of the record reveals that Chance was not prejudiced in gathering evidence to defend against the claim filed with the Human Rights Commission. Extensive discovery took place in conjunction with Harrison's initial complaint filed in District Court. Chance submitted depositions to the hearing examiner and testified telephonically at the hearing. The record does not support Chance's allegations that he was prejudiced by Harrison's delayed filing with the Human Rights Commission.

Finally, it is clear to this Court that Harrison acted in good faith in filing her claim with the Human Rights Commission. Harrison justifiably relied on this Court's holding in Drinkwalter in pursuing her District Court claim. After we determined that her claim was subject to the amended version of § 49-2-509, MCA, Harrison promptly filed her claim with the Human Rights Commission. Harrison demonstrated reasonable conduct and good faith throughout these proceedings.

We conclude that equitable tolling is applicable to the facts and circumstances of this case and that Harrison has satisfied the elements necessary to invoke equitable tolling as discussed in Erickson. We therefore hold that there are no genuine issues of material fact and Harrison is entitled to a judgment as a matter of law. We affirm the decision of the District Court.

Chief Justice

We concur:

_Karla M. Gray_

_[signature]_

_Jim Rice_

_W. William Leaphart_
Justices

9