07-0205 Waffle House v. Cathie Williams








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 07-0205
════════════
 
Waffle House Inc., 
Petitioner,
 
v.
 
Cathie Williams, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the Second District of 
Texas
════════════════════════════════════════════════════
 
Argued March 12, 
2009
 
            
Justice O’Neill, joined by 
Justice Medina 
, dissenting.
 
 
            
Sexual harassment is not a tort recognized under the common law, therefore I agree with the Court that such behavior 
cannot support a claim for negligent supervision. But assaultive behavior surely 
can, whether or not it has sexual overtones. The Court’s denial of common law 
protection for a subset of assault that is sexually motivated adds insult to injury. In my view the Texas Commission on 
Human Rights Act (TCHRA) preempts negligent-supervision claims based on 
harassment, but it does not preempt assault-based claims merely because the 
perpetrator sexually harassed the victim too. That assault-based negligence 
claims remain viable, however, does not mean they may be used to siphon claims 
otherwise actionable under the TCHRA. Negligence damages cannot arise from 
conduct constituting sexual harassment, and evidentiary support for 
assault-based awards must be measured accordingly. In the case before us the 
trial court should have given the jury a limiting instruction to this effect, 
although error on this point was not preserved. Nevertheless, the evidence is 
legally insufficient to support all of the negligence damages the jury awarded, 
therefore, I would remand to the court of appeals for a proper review that 
excludes evidence of TCHRA-prohibited conduct. Because the scope of the Court’s 
remand is more limited, I respectfully dissent.
I.
            
This case calls for us to decide whether an employee may maintain against 
her employer both a statutory cause of action for sexual harassment under the 
TCHRA and a common law claim for negligent supervision stemming from a 
co-worker’s assault. The Court concludes that the TCHRA is the exclusive remedy 
for sexual harassment in the workplace, and that Cathie Williams’s negligent-supervision claim is preempted because 
it is merely a repackaged version of her harassment claim. I agree with the 
former proposition, but not the latter.
            
Texas common law does not recognize a claim for sexual harassment. See 
Gonzales v. Willis, 995 S.W.2d 729, 739 (Tex 
App.—San Antonio 1999, no pet.) (“‘Sexual harassment has never been a common law 
tort; as a cause of action, it is a statutory creation.’”) (quoting Hays v. Patton-Tully Transp. Co., 844 F. Supp. 
1221, 1223 (W.D. Tenn. 1993)). Accordingly, a tort claim will not lie for an 
employer’s negligent supervision of a sexual harasser. Id. at 739–40. It is against this backdrop that the 
Legislature enacted the TCHRA, with the purpose of “execut[ing] the policies of Title 
VII of the Civil Rights Act of 1964.” Tex. Lab. Code § 21.001(1). The TCHRA prohibits employer 
discrimination directed at the “terms, conditions, or privileges of employment” 
because of race, color, disability, religion, sex, national origin or age. Tex. Lab. Code § 21.051(1). Sexual harassment 
is a form of sex discrimination prohibited by Title VII and the TCHRA. See Hoffmann-La Roche, Inc. v. Zeltwanger, 144 S.W.3d 438, 445 (Tex. 2004); Meritor 
Sav. Bank, FSB v. 
Vinson, 477 U.S. 57, 64 
(1986).
            
The TCHRA is a carefully crafted scheme designed to protect against the 
type of behavior Williams principally complains about, and to hold employers 
accountable. See Zeltwanger, 144 S.W.3d at 446. Allowing evidence of sexual 
harassment to support a negligent-supervision claim would threaten to swallow 
the statutory scheme. Thus, I agree with the Court that the TCHRA is preemptive 
as to behavior that constitutes sexual harassment. I likewise agree that a 
plaintiff may not avoid the TCHRA’s preemptive effect by siphoning 
sexual-harassment evidence into an assault-based claim for negligent 
supervision. But it does not follow that a victim of assault should be denied 
common law redress for injury the assault caused when the perpetrator sexually 
harasses her as well. While an employer is not an insurer of its employees’ 
safety at work, the common law clearly imposes a duty on employers to provide a 
safe work place. Leitch v. Hornsby, 935 
S.W.2d 114, 117 (Tex. 1996). Accordingly, a claim for negligent 
supervision should lie if an employee’s assaultive behavior is endangering 
another, whether or not that behavior has sexual overtones. An assault is an 
assault, whether it is sexually motivated or not.
            
Consider the effect of the Court’s construct: 1. An employer fails to take reasonable action after Employee A 
repeatedly slams Employee B into the wall. Employee B may sue for assault-based 
negligent supervision. 2. An employer fails to take reasonable action after 
Employee A gropes Employee B before repeatedly slamming 
her into the wall. The TCHRA is Employee B’s exclusive remedy. The Court’s 
decision exposes an employer who tolerates a bully’s assaultive conduct to 
greater liability under the common law than an employer who tolerates the same 
behavior accompanied by the indignity of sexual abuse. Surely in its statutory 
attempt to afford greater workplace protection from sexual harassment the 
Legislature did not intend to curtail relief for victims of assault.
II.
            
We have long held that statutes must not be construed to abolish common 
law claims unless the statutory language clearly says so. See Cash Am. Int'l, Inc. v. Bennett, 35 S.W.3d 12, 16 (Tex. 
2000); Satterfield v. Satterfield, 448 S.W.2d 456, 459 (Tex. 
1969). The text of the TCHRA contains no indication that the remedies it 
provides are exclusive or preempt the common law. See Tex. Lab. Code § 21.001. Nor does the statute imply 
that the TCHRA’s administrative review system precludes common law causes of 
action. Moreover, there is no text-based support for the exclusivity effect the 
Court reads into the TCHRA’s election-of-remedies provision. See Tex. Lab. Code § 21.211. That the provision 
precludes simultaneous claims in different forums based upon employment 
practices the TCHRA declares unlawful would seem to permit, not preclude, common 
law claims like assault that the TCHRA does not cover.
            
Neither does our decision in City of Waco v. Lopez support the 
Court’s holding today. 259 S.W.3d 147 (Tex. 2008). 
Lopez presented the issue whether one statute preempted another, and was 
resolved by application of the code-construction rule that a specific statute 
controls over a more general one that is irreconcilable. Id. at 153–54. This case, on the other hand, concerns 
implied statutory preemption of a common law claim, something our jurisprudence 
disfavors absent “clear repugnance” between the two. Cash Am., 35 S.W.3d 
at 16 (quoting Holmans v. Transource Polymers, Inc., 914 S.W.2d 189, 192 (Tex. 
App.—Fort Worth 1995, writ denied)). There is no repugnance between the TCHRA 
and an assault-based claim of negligent supervision.
            
Our decision in Hoffmann-La Roche, Inc. v. Zeltwanger is similarly inapplicable, as it was based 
not on the preemptive effect of a statutory scheme over the common law but on 
the “gap-filler” nature of the intentional-infliction-of-emotional-distress 
(“IIED”) tort. Zeltwanger, 144 S.W.3d at 
447 (noting that the tort of IIED exists only to “‘supplement existing forms of 
recovery by providing a cause of action for egregious conduct’ that might 
otherwise go unremedied”) (quoting Standard Fruit 
and Vegetable Co. v. Johnson, 985 S.W.2d 62, 68 (Tex. 1998)). Because in 
Zeltwanger the TCHRA covered the same emotional 
damages caused by essentially the same conduct, we held that there was no 
remedial gap to fill. Id. Here, by contrast, Williams’s negligence claim is based on assault, a 
well-established common law tort.
            
The TCHRA and a claim for common law assault are simply aimed at 
different wrongs. The purpose of the TCHRA’s ban on sexual harassment is to 
eliminate employment discrimination and establish equal employment conditions 
and opportunities for both sexes in the workplace. See Tex. Lab. Code § 21.001. The common law tort of 
assault, on the other hand, exists to redress personal injury caused by 
offensive physical contact or the threat of imminent bodily injury. See Hall v. Sonic Drive-In of Angleton, Inc., 177 S.W.3d 636, 
650 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). There is no 
indication that the Legislature intended the TCHRA to redress harm that results 
from assault, and it is difficult to square the protective goals of the 
legislation with the preemption of assault-based claims depending upon whether 
an assault is sexually motivated.
III.
            
Williams agrees that her negligent-supervision claim against Waffle House 
must necessarily stem from Davis’s tortious conduct in 
assaulting her. In holding Williams’s 
negligent-supervision claim preempted, the Court focuses solely on a single 
element of the assault definition in the jury charge — whether the person 
committing the alleged assault causes physical contact with another “when [the 
person] knows or should reasonably believe that the other will regard the 
contact as offensive or provocative.” But the charge also defined assault to 
include “intentionally or knowingly threaten[ing] 
another with imminent bodily injury.” The evidence must be measured against the 
complete definition the jury was given.
            
The record in this case contains evidence that Davis engaged in conduct 
designed to intimidate Williams and cause her to fear for her safety. 
Williams testified that Davis physically abused her on numerous occasions, 
pushing her into the counters, the grill, and into the dish table on multiple 
occasions. On another occasion, he cornered her alone in an unlit storeroom by 
blocking her exit. Williams testified that she did not confront Davis directly 
because she “was scared of him,” and a Waffle House district manager 
acknowledged that Davis may have presented an actual danger to Williams. Based 
on the charge and the evidence presented, the jury could have found that Davis’s 
conduct went beyond “boorish,” as the Court terms it, and constituted assault 
entirely apart from his ongoing sexual harassment. Because Williams’s assault-based negligence claim was supported by 
independent facts unrelated to sexual harassment, I would hold that the TCHRA 
does not preempt it.
 
 
IV.
            
Even though the TCHRA does not preempt Williams’s assault-based negligence claim, however, she may 
not recover damages in negligence for conduct that the TCHRA deems unlawful. In 
other words, Williams may not recover negligence damages for TCHRA-prohibited 
activity. Accordingly, the jury should have been instructed that damages in 
negligence cannot arise from conduct that amounts to statutory sexual 
harassment, and the trial court erred in failing to give the jury a proper 
limiting instruction. See Gonzales, 995 S.W.2d at 
738–39. However, I agree with the court of appeals that Waffle House 
failed to preserve error on this point. ___ S.W.3d 
___.
            
Nevertheless, because damages for sexual harassment fall within the 
TCHRA’s exclusive purview, the court of appeals erred in considering 
TCHRA-prohibited conduct in its evidentiary review of the assault-based 
negligence award. ___ S.W.3d ___. Although there is 
some evidence to support Williams’s claim that she was 
damaged by Davis’s assaultive conduct, the evidence is legally insufficient to 
support all of the damages the jury awarded. See Guevara v. Ferrer, 247 S.W.3d 662, 670 
(Tex. 2007). Accordingly, I would remand the case to the court of appeals to 
conduct a proper sufficiency review of the negligence award and, if appropriate, 
consider remittitur of damages that arose from 
TCHRA-prohibited activity. Id. If a proper remittitur cannot be determined, then the case should be 
remanded for a new trial should Williams not elect her TCHRA remedy. Id. 
Because the scope of the Court’s remand is limited to review of Williams’s TCHRA claims, I respectfully dissent.
 
                                                                        
___________________________________
                                                                        
Harriet O’Neill
                                                                        
Justice
 
 
OPINION 
DELIVERED: June 11, 2010