No. 92-263

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

ROBERT TOOMBS,

        Plaintiff and Appellant,

    v.

GETTER TRUCKING, INC.,
a Montana Corporation,

        Defendant and Respondent.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Hon. Maurice R. Colberg, Jr., Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            V. Joe Leckie, Attorney at Law,
            Billings, Montana

        For Respondent:

            John R. Davidson, Attorney at Law,
            Billings, Montana

Submitted on Briefs:  December 3, 1992

Decided:  January 21, 1993

Filed:

FILED

JAN 21 1993

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

_____
        Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Plaintiff and appellant Robert Toombs brought suit in the District Court of the Thirteenth Judicial District, Yellowstone County. Toombs alleged that defendant and respondent Getter Trucking owed him monies under a contract entered into between the parties. The District Court granted Getter Trucking's motion for summary judgment and this appeal followed. We affirm.

The only issue before this Court is whether the District Court erred in granting summary judgment in favor of Getter Trucking.

Getter Trucking was a common motor carrier of property under authorities issued by the Interstate Commerce Commission (ICC) and various state regulatory agencies. Getter Trucking had tariffs on file with the ICC. Federal law provides that a motor carrier providing transportation service subject to the jurisdiction of the ICC shall provide that transportation only at the rate specified for the transportation service contained in a tariff that is filed with the ICC. The requirement that a carrier must charge all customers according to the established tariffs is known as the "filed rate doctrine."

Toombs and Getter Trucking entered into a written agreement in February 1980 whereby Toombs leased a tractor with driver to Getter Trucking. Pursuant to the contract, Toombs transported commodities under tariff on behalf of Getter Trucking. The contract provided that Toombs was to receive 67 percent of the net revenue derived by Getter Trucking. The lease agreement between the parties ran from February 27, 1980, through February 21, 1981. During the course of

the relationship, Toombs did not complain that he was not being paid the correct amount.

On December 10, 1982, Toombs brought suit alleging that he was entitled to compensation that he had not received. The District Court stated that there was no evidence presented that Toombs was not paid 67 percent of the amounts Getter Trucking billed its customers for services provided by Toombs. However, Toombs alleges that Getter Trucking charged its customers less than it was required to charge pursuant to the established tariffs. Getter Trucking denies charging less to its customers than was required by federal law. However, Getter Trucking contends that even if it did charge its customers less than required by federal law, Toombs is only entitled, pursuant to the contract, to 67 percent of the net revenue derived by the carrier, which would be the actual amounts billed to the customers. Getter Trucking argues that the contract does not require them to charge any particular rate, but simply provides that Toombs will receive 67 percent of the rate charged. Toombs argues that Getter Trucking is indeed required to charge a particular rate to customers. Toombs contends that the contract term "net revenue derived by carrier" can only mean that amount that Getter Trucking was obligated to charge under federal law.

The District Court agreed with the reasoning of Getter Trucking. The District Court determined that "net revenue derived by carrier" meant the amount billed to the customer, stating that "[i]n no way can it mean some greater amount that should have been billed by the defendant to the customer." The District Court,

3

therefore, did not find it necessary to make a factual finding concerning the rates Getter Trucking had actually charged its customers. The District Court stated that:

> Without deciding whether or not the proper tariff rates were charged, the Court is of the view that in no event can plaintiff recover its percentage on amounts greater than amounts actually billed customers.

The District Court granted Getter Trucking's motion for summary judgment from which Toombs now appeals.

Toombs contends that the District Court erred in granting summary judgment in favor of Getter Trucking. A District Court may grant summary judgment when:

> [T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.

Sherrod, Inc. v. Morrison-Knudsen Co. (1991), 249 Mont. 282, 284, 815 P.2d 1135, 1136; Rule 56(c), M.R.Civ.P. The party moving for summary judgment has the initial burden of showing that there is a complete absence of any genuine issue of material fact. To satisfy this burden, the movant must make a clear showing as to what the truth is so as to exclude any real doubt as to the existence of any genuine issue of material fact. Kober v. Stewart (1966), 148 Mont. 117, 417 P.2d 476. Summary judgment is never an appropriate substitute for a trial if a factual controversy exists. Reaves v. Reinbold (1980), 189 Mont. 284, 615 P.2d 896. Upon reviewing a grant or denial of a motion for summary judgment, this Court applies the same standard as the district court.

4

Getter Trucking concedes that it is required by federal law to charge its customers the rates specified by the applicable tariffs. However, Getter Trucking argues that the filed rate doctrine only governs the relationship between a carrier and a customer. Getter Trucking contends that the relationship in this case, which is between a carrier and third party from whom the carrier leases a motor vehicle, is governed by the contract between the two parties. The District Court agreed with Getter Trucking's argument determining that the contract, and not the federal filed rate doctrine, governed the relationship between the parties.

The contract entered into by the parties obligated Getter Trucking to pay Toombs a certain percentage of Getter Trucking's net revenue derived. Getter Trucking's net revenue derived is based upon what it charged the customer. Toombs argues that since Getter Trucking was obligated by law to charge each customer a specified amount, the contractual term net revenue derived can only mean that amount which Getter Trucking was obligated by law to charge. Getter Trucking, while denying it charged less than the rates established by the tariffs, argues that the term net revenue derived means whatever rate they might decide to charge their customers, even if they are charging less than the established rates. The District Court agreed.

The District Court was correct in determining that the contract executed by the parties governs their relationship. The contract provides that Toombs shall receive a certain percentage of

Getter Trucking's net revenue. The District Court, in interpreting this term of the contract, stated that:

> The contractual provision seems plain and unambiguous. In no way can it mean some greater amount that should have been billed by the defendant to the customer.

We agree with the District Court's interpretation of the provision. Getter Trucking was obligated by federal law to charge its customers a certain rate. However, that obligation in no way created a duty to pay Toombs at any specific rate. Getter Trucking and Toombs were free to negotiate any agreement they desired. The result of the parties' negotiations as to Toombs' compensation is evident in the contract executed by the parties. In this instance, the parties agreed that Toombs would receive a certain percentage of Getter Trucking's net revenue. Getter Trucking paid to Toombs the specified percentage of their net revenue. Toombs received all that he was entitled to under the contract. Toombs' reliance on the filed rate doctrine, in an attempt to show that he should have received more compensation, is mistaken. Any obligation owed by Getter Trucking to other individuals who were not parties to the contract in question is irrelevant. The parties' contract governs in this case and we agree with the District Court that Getter Trucking satisfied its obligations to Toombs under the terms of the contract.

The judgment of the District Court is affirmed.

William E. Hunt Sr.
_____
Justice

6

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7

January 21, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

V. JOE LECKIE, Esq.
Attorney at Law
300 First Federal Savings, Bldg.
2929 Third Avenue North
Billings, MT 59101

JOHN R. DAVIDSON, Esq.
Transwestern II, Ste. 111
490 No. 31st St.
Billings, MT 59101

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy