JUSTICE HARRISON
delivered the Opinion of the Court.
Tina Hash (Hash) appeals the order of the First Judicial District, Lewis and Clark County, dismissing her discrimination complaint based on the expiration of the statute of limitations period. We affirm.
Three issues are presented.
1. Did the District Court err in failing to hold as a matter of law, that the date of notification of elimination constituted the date of discovery of the discriminatory acts, thus beginning the relevant time periods?
2. Did the District Court err by holding that the timely filing of a Human Rights Commission complaint is a prerequisite to filing suit on a discrimination complaint where the Human Rights Commission has issued a right-to-sue letter?
3. Did the District Court err by failing to find a genuine issue of material fact as to whether the time period for filing a claim was equitably tolled?
After working for U.S. West for almost thirteen years, Hash was informed on June 19,1991, that her job position was being combined with another position and, therefore, that her job would be eliminated. Hash applied for another U.S. West position but was not offered any other job. Her position was eliminated on January 31, 1992, as planned. Hash contends that in June 1991 she was told her position would be eliminated, not that she would be fired, and that she applied for another job before the elimination of her position in January 1992. She contends she did not know she would be deprived of a job until she was not offered another position after January 1992.
Pursuant to a U.S. West company policy for handling intra-company complaints, Hash filed a discrimination complaint with U.S. West personnel and the U.S. West equal employment office (EEO) in December 1991. She was referred to another U.S. West employee in Minneapolis, Minnesota, and then to U.S. West’s regional equal employment officer. In May 1992 the regional officer advised Hash *329 that he found no discrimination. On June 5, 1992, Hash filed allegations against U.S. West and her supervisor Russ Cravens (U.S. West) with the Human Rights Commission (HRC). On July 24, 1992, the HRC wrote to Hash that it had no authority in the matter because the allowable time to file had expired. The HRC also offered to issue a right-to-sue letter, allowing Hash to pursue her claim in court. The HRC issued a right-to-sue letter on December 9,1992. Hash filed the current action on March 3, 1993.
The District Court granted U.S. West’s motion for summary judgment, concluding that the HRC provides the exclusive remedy to parties alleging unlawful discriminatory practices and the filing period for Hash’s complaint expired prior to her filing.
Summary judgment is properly granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P.; Toombs v. Getter Trucking, Inc. (1993), 256 Mont. 282, 284, 846 P.2d 265, 266. To satisfy its burden of proving that there is a complete absence of matérial fact, “the movant must make a clear showing as to what the truth is so as to exclude any real doubt as to the existence of any genuine issue of material fact.” Toombs, 846 P.2d at 266. We apply the same standard of review as that used by the district court. Toombs, 846 P.2d at 266.
I
Did the District Court err in failing to hold, as a matter of law, that the date of notification of elimination constituted the date of discovery of the discriminatory acts, thus beginning the relevant time periods?
A cause of action accrues under the Human Rights Act (Act) when “the alleged unlawful discriminatory practice occurred or was discovered.” Section 49-2-501(2)(a), MCA. On June 19, 1991, U.S. West notified Hash that on January 31, 1992 her position would be eliminated. Hash argues that the statutory period started at the termination date because she hoped and believed, up to the time of termination, that she would be given another U.S. West position. We disagree.
If there was a discriminatory act in this case, it occurred when U.S. West notified Hash of its decision to eliminate her position. It was at that time that Hash discovered the alleged discriminatory practice. Hash’s hopes and beliefs cannot contradict the fact that she discovered the alleged discriminatory act(s) on June 19, 1991. In this case, Hash did not support her position that her cause of action did not *330 accrue on June 19, 1991. We hold that the District Court did not err in concluding that the alleged discriminatory practice was discovered and accrued on June 19, 1991 when Hash was advised that her position would be eliminated.
II
Did the District Court err by holding that the timely filing of a Human Rights Commission complaint is a prerequisite to filing suit on a discrimination complaint, where the HRC has issued a right-to-sue letter?
The Act is administered by the HRC. Three statutory provisions lead us to conclude that Hash’s complaint is barred. First, HRC enforcement requires that discrimination-related complaints, such as Hash’s, be filed with the HRC within 180 days after the alleged unlawfully discriminatory action occurred or was discovered. Section 49-2-501(2)(a), MCA. Alternatively, if the complainant initiates efforts to resolve the dispute “by filing a grievance in accordance with any grievance procedure established by a collective bargaining agreement, contract, or written rule or policy, the complaint may be filed within 180 days” of the conclusion of the grievance procedure if the procedure concludes within 120 days after the alleged discriminatory practice, or within 300 days if the grievance procedure does not conclude within 120 days. Section 49-2-50 l(2)(b), MCA. Second, § 49-2-501(2)(c), MCA, provides that complaints not filed within the specified period “may not be considered by the [Human Rights Commission.” Third, the Act provides that the district court filing procedures in the Act provide the exclusive remedy and procedures to make claims alleging discrimination. Section 49-2-509(7), MCA.
Applying the statutory time limits to Hash’s claim, we conclude that Hash’s claim is barred because it was filed too late under any of the statutory provisions. On June 19, 1991, U.S. West notified Hash that her position would be eliminated; we concluded above that that was the date of the alleged discriminatory act. On June 5, 1992, 351 days after the alleged discriminatory act, Hash filed her claim with the HRC. Accordingly, Hash did not comply with the 180-day filing requirement of § 49-2-501(2)(a), MCA, and her complaint was barred under that section. Section 49-2-501(2)(a), MCA.
In the alternative, we determine whether Hash complied with the 300-day time limit set forth in § 49-2-501(2)(b), MCA. Hash testified in her August 20, 1993 affidavit that she followed what she believed to be a written U.S. West policy for handling a discrimination com *331 plaint within the company. The record is not clear on the specifics of U.S. West’s grievance policy. Nevertheless, assuming that Hash initiated whatever intra-company grievance policies were available to her in December 1991, when she filed her complaint with U.S. West’s personnel officer, that grievance procedure concluded in late May 1992, when Hash was notified of U.S. West’s conclusion that it found no discrimination. This was more than 120 days after she initiated the U.S. West grievance, so we must then examine whether Hash filed her claim within 300 days after the alleged unlawful discriminatory practice occurred. Section 49-2-501(2)(b), MCA. Again, Hash filed her claim 351 days after the alleged discriminatory act. Under this analysis, too, Hash’s claim is barred by § 49-2-501(2)(b) and (c), MCA.
Hash clearly did not file with the HRC within 180 days of the alleged discriminatory acts, as required by § 49-2-501(2)(a), MCA. Similarly, since the grievance procedure initiated in December 1991 did not conclude within 120 days, Hash did not file within the 300-day period allowed under § 49-2-501(2)(b), MCA. Her complaint with the HRC was thus time-barred and properly rejected by the HRC. Section 49-2-501(2)(c), MCA.
The HRC’s issuance of a right-to-sue letter does not toll the statutory period. A HRC right-to-sue letter constitutes “the completion of the administrative process with regard to any complaint of discrimination in which a right to sue letter is issued.” 24.9.264(1), ARM. The HRC does not have the authority to establish jurisdiction in a district court. Rather, a right-to-sue letter is one mechanism permitting a claimant to proceed beyond the HRC, assuming jurisdiction in the district court is otherwise legally established.
In the instant case, the HRC concluded that Hash’s complaint was time barred and could not be considered by the HRC. In a letter to Hash, the HRC stated it would docket her complaint and issue a right-to-sue letter so that she could pursue the matter in district court. The letter further advised that Hash would “have to establish that the matter was within the jurisdiction of the Commission.” See § 49-2-509(3)(a), MCA; see generally 24.9.262A-265, ARM. She was unable to do that.
Hash asserts that timely filing of a discrimination claim with the HRC is not a prerequisite to filing with the district court. We previously have resolved this issue against Hash’s position. In Harrison v. Chance (1990), 244 Mont. 215, 797 P.2d 200, we held that the Act provides the exclusive remedy for sexual discrimination claims. We did so on the basis that a 1987 legislative amendment made the Act *332 the exclusive remedy for sexual discrimination. We held that the “statutory procedures for discrimination are exclusive remedies and cannot be bypassed.” Harrison, 797 P.2d at 203. Like the plaintiff in Harrison, Hash chose to file a discrimination claim in district court without first timely filing her complaint with the HRC.
In 1987, the Legislature amended the Illegal Discrimination chapter to provide that:
The provisions of this chapter establish the exclusive remedy for acts constituting an alleged violation of this chapter, including acts that may otherwise also constitute a violation of the discrimination provisions of Article II, section 4, of the Montana constitution or 49-1-102. No other claim or request for relief based upon such acts may be entertained by a district court other than by the procedures specified in this chapter.
Section 49-2-509(7), MCA. The Legislature was aware that under an argument like Hash’s, “persons alleging acts that violate the discrimination provisions of the [Act] ...need no longer vindicate their rights under the provisions of [the Act].” Harrison, 797 P.2d at 203; quoting Comments from the Hearing on House Bill 393 Before the Senate Judiciary Committee, 50th Legislature, (March 20, 1987), Exhibit No. 3. The Legislature clearly intended that the Act be the exclusive remedy for discrimination claims. We adopted this intent in Harrison and maintain it in the instant case. To permit parties to delay filing with the HRC until the HRC filing time ran out and then file their claims directly in district court would, in a sense, gut the Act. We reaffirm our decision that the HRC is the exclusive remedy for Hash’s discrimination claim.
Ill
Did the District Court err by failing to find a genuine issue of material fact as to whether the time period for filing a claim was equitably tolled?
This Court previously considered the doctrine of equitable tolling, which applies when an “injured person has several legal remedies and, reasonably and in good faith, pursues one.” Erickson v. Croft (1988), 233 Mont. 146, 152, 760 P.2d 706, 709; citing Collier v. City of Pasadena (App. 1983), 191 Cal.Rptr. 681, 684; Harrison, 797 P.2d at 208.
In this case the doctrine of equitable tolling is not applicable because Hash did not have more than one legal remedy available to her, any one of which she could pursue, in good faith. She had one *333 legal remedy. As we have indicated above, it was Hash’s obligation to first timely file her complaint before the HRC, timely filing before the HRC being a prerequisite to her filing in District Court. While she had the right to pursue her intra-company remedy, she was required to do that within the context of the time limitations imposed for filing before the HRC, as we have discussed above.
Affirmed.
CHIEF JUSTICE TURNAGE, JUSTICES GRAY, WEBER and NELSON concur.