No. 96-180

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

---

HAROLD SORENSON, d/b/a SORENSON FARMS,

        Plaintiff, Appellant
        and Cross-Respondent,

v.

MASSEY-FERGUSON, INC., a nonresident
corporation,

        Defendant, Respondent
        and Cross-Appellant.

**FILED**

NOV 26 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

---

APPEAL FROM:   District Court of the Sixteenth Judicial District,
                 In and for the County of Rosebud,
                 The Honorable Joe L. Hegel, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

        John Houtz, Forsyth, Montana

      For Respondent:

        Kathleen H. Richardson, Havre, Montana

---

        Submitted on Briefs:  October 24, 1996

                Decided:  November 26, 1996

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Harold Sorenson brought this action to recover damages from his purchase of a defective Massey-Ferguson combine. The District Court for the Sixteenth Judicial District, Rosebud County, granted the motion of Massey-Ferguson, Inc., to dismiss Sorenson's complaint pursuant to Rule 12(b)(6), M.R.Civ.P. We affirm.

The sole issue Sorenson raises on appeal is whether the doctrine of equitable tolling should have been invoked to toll the statutes of limitation on his claims. Massey-Ferguson, Inc., filed a cross-appeal in which it argues that this appeal was taken without substantial or reasonable grounds, meriting an award of damages under Rule 32, M.R.App.P.

For purposes of ruling on the Rule 12(b)(6) motion, the District Court accepted as true the allegations pled in Sorenson's complaint. In September 1984, Sorenson purchased two Massey-Ferguson combines from an implement dealer in Glasgow, Montana. The combines were represented as new, but were actually 1982 models. Sorenson obtained two-year warranties on the combines.

One of the combines performed well, but the other combine repeatedly broke down, beginning almost immediately. Over the years, Sorenson sought warranty coverage for repairs, but he usually had to pay for them himself. In 1993, an improperly cast transmission was identified as the source of the repeated problems with the combine, and was repaired.

In February 1995, Sorenson filed his complaint claiming breach of warranty, failure of consideration and breach of contract,

mistake, negligence, and unfair trade practices. Massey-Ferguson moved to dismiss pursuant to Rule 12(b)(6), M.R.Civ.P., for failure to state a claim upon which relief can be granted. The District Court granted the motion as to all five counts of the complaint. The court's ruling was based upon the running of the applicable statutes of limitation on the first four claims and, as to the claim of unfair trade practices, the unavailability of that remedy for equipment purchased for business purposes.

## Issue 1

Should the doctrine of equitable tolling have been invoked to toll the statutes of limitation?

The applicable statutes of limitation for the claims dismissed due to passage of time are: four years for the breach of warranty claim and the claim of failure of consideration and breach of contract, under § 30-2-725, MCA; two years after discovery of the facts constituting a claim of mutual mistake, under § 27-2-203, MCA (the complaint alleged under this count that the combine was believed to be new and in proper working order when Sorenson purchased it); and three years on the negligence claim under § 27-2-204, MCA. Although Sorenson became aware of defects in the combine shortly after purchasing it, he did not file his complaint in District Court until over ten years later.

The doctrine of equitable tolling arrests the running of statutes of limitation while the claimant reasonably and in good faith pursues one of several possible legal remedies. Harrison v. Chance (1990), 244 Mont. 215, 797 P.2d 200. The claimant must meet

3

three criteria: (1) timely notice to the defendant within the applicable statute of limitation in filing the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the claimant in filing the second claim. Harrison, 797 P.2d at 208.

The District Court ruled that Sorenson's requests to Massey-Ferguson to repair the combine under warranty provisions did not constitute "'pursuit of a legal remedy' as is contemplated by the cases discussing the doctrine of 'equitable tolling.'"

Sorenson argues that the statutes of limitation should be equitably tolled in this case because he pursued his remedy of seeking warranty coverage from Massey-Ferguson during the warranty period and before any statute of limitation expired. He argues that the definition of "remedy" in the Uniform Commercial Code at § 30-1-201(34), MCA, should be used here. Section 30-1-201(34), MCA, defines "remedy" as any remedial right to which an aggrieved party is entitled with or without resort to a tribunal.

Sorenson's argument is off the mark. The UCC definition which he promotes defines "remedy," not "legal remedies." "Legal remedies" is not defined in Montana statutes.

The term "legal remedies" has been interpreted in Montana case law. In Hash v. U.S. West Communications Services (1994), 268 Mont. 326, 886 P.2d 442, Hash claimed that she had been wrongfully discharged from employment with U.S. West. The district court

4

dismissed her claim because the applicable statute of limitation had expired.

Hash argued on appeal that the statute of limitation had been equitably tolled while she filed a complaint before the Montana Human Rights Commission. This Court ruled that the doctrine of equitable tolling did not apply. We stated that Hash did not have more than one legal remedy available to her. Instead, it was first her obligation to timely file her complaint before the Human Rights Commission, as a prerequisite to her filing in district court. While she also had the right to pursue an intra-company remedy, she was required to do so within the context of the time limitations imposed for filing before the Human Rights Commission. Hash, 886 P.2d at 446.

Implicit in Hash is that the term "legal remedies" does not include self-help measures such as informal efforts seeking intra-company remedies or warranty coverage. If it did, equitable tolling would virtually eradicate statutes of limitation. The Montana cases applying equitable tolling have dealt with "legal remedies" of filing court or administrative proceedings seeking to enforce the plaintiff's legal rights. Chance v. Harrison (1995), 272 Mont. 52, 899 P.2d 537 (statute of limitation for filing a claim before the Montana Human Rights Commission was equitably tolled by the filing of a district court action for sexual harassment); Nicholson v. Cooney (1994), 265 Mont. 406, 877 P.2d 486 (statute of limitation for filing a complaint of constitutional

5

violations in a referendum was equitably tolled by the filing of a petition for declaratory judgment as to the same subject).

The case at bar is the first action or proceeding, administrative or judicial, which Sorenson has filed to enforce his legal rights. We hold that Sorenson's self-help pursuit of his rights under warranty was not a "legal remedy" available to him for purposes of the doctrine of equitable tolling. While he may have had rights under warranty, he was required to pursue those rights within the context of the time limitations imposed for filing his legal claims. We hold that the District Court did not err in dismissing Sorenson's claims based on the lapsing of the applicable statutes of limitation.

## Issue 2

Is an award of damages merited under Rule 32, M.R.App.P.?

Rule 32, M.R.App.P., provides:

> If the supreme court is satisfied from the record and the presentation of the appeal in a civil case that the same was taken without substantial or reasonable grounds, such damages may be assessed on determination thereof as under the circumstances are deemed proper.

Massey-Ferguson asserts that damages are justified in this case because the appeal is not warranted by existing law as expressed in Hash, and Sorenson has not made a good faith argument for a change in existing law.

While Sorenson's argument for equitable tolling is unconvincing, there is no evidence that it was not made in good faith. Under the circumstances here presented, we are not persuaded that this appeal was taken without substantial or reasonable grounds,

6

thereby justifying the assessment of damages.   The request for damages under Rule 32, M.R.App.P., is denied.

Affirmed.

_J. A. Turnage_
Chief Justice

We concur:

_Karla M. Gray_

_Gray_

_Terry Trieweiler_

_W. William Leaphart_
Justices

7

November 26, 1996

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

John Houtz
Attorney at Law
P.O. Box 1230
Forsyth, MT 59327

Kathleen H. Richardson
Attorney at Law
P.O. Box 568
Havre, MT 59501

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy