No. 99-095

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 301

297 Mont. 156

991 P.2d 955

---

STEPHANI A. SKITES,

Plaintiff and Appellant,

v.

BLUE CROSS BLUE SHIELD OF MONTANA

a Montana corporation,

Defendant and Respondent.

---

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Marge Johnson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Jeff R. Lynch; Lynch Law Firm, Great Falls, Montana

For Respondent:

Stuart L. Kellner; Hughes, Kellner, Sullivan & Alke,

Helena, Montana

---

Submitted on Briefs: September 2, 1999

Decided: December 7, 1999

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

1. ¶ Stephani A. Skites (Skites) appeals from the judgment entered by the Eighth Judicial District Court, Cascade County, on its Memorandum and Order granting the summary judgment motion filed by Blue Cross Blue Shield of Montana (Blue Cross). We affirm.

2. ¶ The sole issue on appeal is whether the District Court erred in granting summary judgment to Blue Cross.

## BACKGROUND

3. ¶ On November 26, 1996, Skites filed a complaint with the Montana Human Rights Commission (MHRC) alleging discrimination in employment by Blue Cross, her employer, under both the Montana Human Rights Act and the Americans with

Disabilities Act. According to the complaint, Blue Cross discriminated against Skites on the basis of a physical disability, namely, right wrist DeQuervain's tenosynovitis. She alleged that Blue Cross first failed to accommodate her disability on January 2, 1996, and that "[t]he date the most recent or continuing discrimination took place was April 15, 1996."

4. ¶ The MHRC issued a Notice of Dismissal and Notice of Right to Sue, determining that it lacked jurisdiction over Skites' complaint because she had not filed the complaint "within 180 days of the alleged discriminatory act as required by statute." The Notice set forth Skites' right to object to issuance of the Notice and the manner in which any objection would be processed by the MHRC. The Notice also advised that Skites could pursue her discrimination complaint by petitioning for appropriate relief in the district court within 90 days of receipt of the Notice. Skites received the Notice on December 31, 1996, and did not file any objections with the MHRC.

5. ¶ Skites subsequently filed a complaint in the District Court alleging that Blue Cross discriminated against her on the basis of her disability in violation of Montana law. More specifically, she asserted that the alleged discrimination began no later than January of 1996, and continued after that date until Blue Cross constructively discharged her because of her disability on July 5, 1996. Blue Cross answered the complaint and affirmatively asserted, as its Second Defense, that Skites' MHRC complaint was untimely under the statutory 180-day filing requirement and, therefore, her complaint in the District Court also was time barred.

6. ¶ Shortly thereafter, Blue Cross moved for summary judgment on the basis that Skites' MHRC complaint was statutorily time barred and, as a result, a prerequisite to her filing in the District Court--namely, the timely filing of her MHRC complaint--had not been met. Skites opposed the motion, arguing that genuine issues of material fact existed which precluded summary judgment and that, even in the absence of such issues of material fact, Blue Cross was not entitled to judgment as a matter of law. After a hearing on August 26, 1998, the District Court issued its Memorandum and Order granting Blue Cross' motion for summary judgment and entered judgment accordingly. Notice of entry of judgment was served and Skites appeals.

## STANDARD OF REVIEW

7. ¶ We review an appeal from a district court's summary judgment ruling *de novo*. Old Republic Nat. Title Ins. Co. v. Realty Title Co., 1999 MT 69, ¶ 19, 978 P.2d 956, ¶ 19, 56 St.Rep. 286, ¶ 19 (citation omitted). In doing so, we apply the same

Rule 56, M.R.Civ.P., criteria used by that court. If the moving party demonstrates that no genuine issue of material fact exists, the burden shifts to the nonmoving party to establish, by more than mere denial or speculation, that a genuine issue does exist. If the district court determines that no genuine issues of fact exist, it then must determine whether the moving party is entitled to judgment as a matter of law. We review the district court's legal conclusions to determine whether the court erred. Bruner v. Yellowstone County (1995), 272 Mont. 261, 264-65, 900 P.2d 901, 903 (citations omitted).

## DISCUSSION

8. ¶ Did the District Court err in granting summary judgment to Blue Cross?

9. ¶ It is unlawful for a Montana employer to discriminate against a person in compensation or in a term, condition or privilege of employment because of physical disability. Section 49-2-303(1)(a), MCA (1995). At all times pertinent to this case, a person claiming to be aggrieved by such a discriminatory employment practice could file a written, verified complaint with the MHRC setting forth the particulars of the alleged discrimination. Section 49-2-501(1), MCA (1995). Section 49-2-501(2)(a), MCA (1995), generally requires that the complaint be filed within 180 days after the alleged unlawful discriminatory practice occurred or was discovered. Any complaint not timely filed as required by § 49-2-501(2)(a), MCA (1995), "may not be considered by the commission." Section 49-2-501(2)(c), MCA (1995).

10. ¶ Moreover, § 49-2-509(7), MCA (1995), renders the provisions of the Montana Human Rights Act (Act) the exclusive remedy for acts constituting alleged employment discrimination under Montana law, and provides that no claim for relief based on such acts may be entertained by a district court other than via the procedures set forth in the Act. As a result, we held in Hash v. U.S. West Communications Services (1994), 268 Mont. 326, 333, 886 P.2d 442, 446, that timely filing before the MHRC is a prerequisite to filing a complaint alleging employment discrimination in district court.

11. ¶ In this case, the District Court determined that the material facts relating to whether Skites' MHRC complaint was timely filed were undisputed in that Skites filed her claim with the MHRC on November 26, 1996, 225 days after April 15, 1996, the date stated in her complaint as the date of the most recent or continuing act of employment discrimination by Blue Cross. On those facts, the court concluded that Skites' MHRC complaint was not timely filed within the 180 days

allowed by § 49-2-501(2)(a), MCA (1995), and, as a result, Skites had not satisfied the *Hash* prerequisite to filing a discrimination complaint in the District Court, namely, the timely filing of a complaint with the MHRC. The court then concluded that Blue Cross was entitled to summary judgment as a matter of law and entered its order granting summary judgment accordingly.

12. ¶ Skites contends the District Court erred with regard to both the absence of genuine issues of material fact and Blue Cross' entitlement to judgment as a matter of law. We address her contentions in turn.

13. ¶ With regard to the existence of a genuine issue of material fact, Skites posits that the alleged date of the most recent or continuing discrimination in her complaint to the MHRC was "unartfully worded" and that, had it been properly worded, it would have stated that the discriminatory acts *began* on April 15, 1996, and continued thereafter. Indeed, she points out that her MHRC complaint alleged "[s]he was subsequently instructed to resign her position due to her physical disability." In essence, Skites contends that she should have worded--and meant to word--her MHRC complaint to state a later, unspecified date for the "date the most recent or continuing discrimination took place" and that the District Court should have interpreted her MHRC allegation in that fashion.

14. ¶ There are several problems with Skites' contention. First, Skites posits in this part of her argument that the alleged discrimination began on April 15, 1996. This is clearly inconsistent with the other time-based allegation in her MHRC complaint, which was that Blue Cross first failed to accommodate her disability on January 2, 1996.

15. ¶ More importantly, however, to accept Skites' approach would be to prevent the MHRC from having the ability to determine, from the face of an MHRC complaint, whether the complaint was timely filed under § 49-2-501(2)(a), MCA (1995), and, correspondingly, whether it had jurisdiction to consider the complaint. Similarly, the absence of a date certain in the MHRC complaint would prevent district courts from being able to determine whether an MHRC complaint was timely filed and, therefore, whether the *Hash* prerequisite to filing a discrimination complaint in district court--namely, the timely filing of an MHRC complaint--had been met. We reject the notion that a date not set forth in an MHRC complaint--whatever the complainant's intent may have been--can create a genuine issue of material fact precluding summary judgment based on the statutory 180-day period of limitation for filing an MHRC complaint.

16. ¶ Skites also contends that, in her complaints to both the MHRC and the District Court, she "goes on to allege, in a more clear fashion, that she was constructively

discharged from her employment on July 5, 1996," a date after April 15, 1996. It is true that Skites' complaint in the District Court alleged that she was constructively discharged by Blue Cross on July 5, 1996. It is not true, however, that the July 5, 1996, date appears in her MHRC complaint. As discussed above, Skites' MHRC complaint alleges that the date the most recent or continuing discrimination took place was April 15, 1996, and no later date appears in her MHRC complaint. Thus, this contention also fails to raise a genuine issue of material fact.

17. ¶ Skites also attempts to create a genuine issue of fact by referring at some length to matters contained in Blue Cross' response to her MHRC complaint, which she attached as an appendix exhibit to her brief on appeal to this Court. That response, however, is not part of the record on appeal and, as a result, we will not consider it or Skites' related arguments. *See* Johnson v. Killingsworth (1995), 271 Mont. 1, 3, 894 P.2d 272, 273 (citation omitted).

18. ¶ We conclude that no genuine issue of material fact exists with regard to either the date set forth in Skites' MHRC complaint as the date on which the most recent or continuing act of discrimination by Blue Cross took place or that the stated date is in excess of 180 days prior to November 26, 1996, the date on which Skites filed her MHRC complaint. Therefore, we hold that the District Court did not err in determining that no genuine issues of material fact existed which would preclude summary judgment for Blue Cross.

19. ¶ Skites argues next that, notwithstanding whether any genuine issues of fact existed, the District Court erred in concluding that Blue Cross was entitled to judgment as a matter of law via application of the 180-day limitation period in § 49-2-501(2)(a), MCA (1995), and the *Hash* rule that a timely MHRC complaint is a prerequisite to filing a discrimination complaint in district court. Conceding our determination in *Hash* that failure to timely file a complaint with the MHRC precludes filing in the District Court, Skites asserts that the present case is distinguishable and, therefore, *Hash* is not controlling. We disagree.

20. ¶ Skites' argument is that "[i]n *Hash*, the employee's complaint to the Human Rights Commission was <u>actually</u> untimely" and the employee merely sought to "bootstrap" her untimely claim by raising it in district court after filing an ill-fated complaint with the MHRC. She contends that, unlike *Hash*, her MHRC complaint was timely and was erroneously rejected by the MHRC. Skites' attempt to distinguish *Hash* ignores the facts, discussed above, that her MHRC complaint alleged the most recent or continuing act of discrimination as taking place on April 15, 1996, and that she filed her MHRC complaint on November 26, 1996, some 225 days later. Applying § 49-2-501(2)(a), MCA (1995), to those facts, it is clear that Skites did not

file her MHRC complaint within the 180 days set forth in the statute and, as a result, that the MHRC properly determined it did not have jurisdiction over the untimely complaint. Under *Hash*, and like *Hash*, we conclude that Skites' failure to timely file with the MHRC precluded her ability to prosecute her discrimination complaint in the District Court.

21. ¶ We hold that the District Court did not err in concluding that Blue Cross was entitled to judgment as a matter of law or in granting its motion for summary judgment.

22. ¶ Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ JIM REGNIER

Justice Terry N. Trieweiler dissenting.

23. ¶ I dissent from the majority's conclusion that the complaint Stephani A. Skites filed with the Montana Human Rights Commission was untimely on its face.

24. ¶ Skites alleged that "continuing discrimination took place on April 15, 1996." She later explained in her complaint that "she returned to work on April 15, 1996. No accommodations had yet been made. She was subsequently instructed to resign her position due to her physical disability."

25. ¶ Finally, Skites alleged that her employer violated the Montana Human Rights Act for the following reasons: "A. Accommodations for physical disability were never met."

26. ¶ It is clear from reading all the allegations of Skites complaint rather than the few words on which the majority opinion focuses that Skites alleged that she was discriminated against based on a physical handicap because when she returned to work for her employer on April 15, 1996, her employer refused to accommodate her

disability and she was, therefore, forced to resign. The necessary conclusion from her allegations is that the discrimination continued until she was forced to resign. While it is true that no specific date of resignation is alleged in the complaint, that doesn't mean, as the majority concludes, that the last discriminatory act alleged occurred on April 15, 1996 and that the complaint is therefore barred based on the statute of limitations as a matter of law. At best, there was an issue of fact regarding the last discriminatory act which could have and should have been resolved by an evidentiary hearing or an order requiring more specific pleadings.

27. ¶ Skites' allegation that discrimination based on disability is a continuing offense for purposes of determining when the statute of limitations begins to run is supported by federal law interpreting the federal counterpart to Montana's Human Rights Act. *See Harmon v. Fred S. James & Co. of Colorado, Inc.* (Colo. App. 1994), 899 P.2d 258, 261.

28. ¶ A federal district court defined the continuing violation doctrine as:

That theory, applicable in discrimination lawsuits in which the alleged discriminatory action is ongoing by nature rather than a distinct or isolated event, tolls the running of the statute of limitations until the occurrence of the last instance of the allegedly discriminatory activity.

*Equal Employment Opportunity Comm'n v. Westinghouse Elec. Corp.* (D.N.J. 1986), 646 F. Supp. 555, 565. Therefore, as a matter of law, if Blue Cross discriminated against Skites as alleged in Skites' complaint, the discrimination continued until the date of her discharge and the 180-day period for filing her complaint with the Human Rights Commission did not begin to run until that date. There is no precedent for concluding that because Skites failed to allege that date in her complaint, the complaint is defective as a matter of law on its face. Nor is any authority to that effect cited by the majority.

29. ¶ The majority opinion states in paragraph 4 that Skites was inconsistent when she alleged that Blue Cross first failed to accommodate her on June 2, 1996 and that its discrimination began again on April 15, 1996. There is nothing inconsistent, however, about Skites' allegations. She was off of work for a period of time prior to January 2, 1996 for health related reasons. When she returned to work, she alleges that her employer failed to accommodate her physical impairment. She was off work again for a period of time prior to April 15, 1996 for the same reasons. She alleged that once again when she returned to work on April 15 her employer refused to

accommodate her physical impairment. There is nothing inconsistent about those allegations.

30. ¶ In paragraph 15 of its opinion the majority bemoans the fact that Skites' method of draftsmanship would "prevent the MHRC from having the ability to determine, from the face of an MHRC complaint, whether the complaint was timely filed . . . ." So what? There is no legal requirement that a court or agency be able to determine from the face of a complaint that it was timely filed. If a party objects to a complaint on the basis that it was untimely, the complaint can be amended or further information provided. That does not seem like a cumbersome or unreasonable process to me. Nor is any authority provided by the majority for their conclusion that every forum in which a complaint is filed has to be able to determine from the face of the complaint whether it was filed within the time period provided for by the appropriate statute of limitations.

31. ¶ For these reasons, I conclude that our decision in *Hash v. U.S. West Communications Services* (1994), 268 Mont. 326, 886 P.2d 442 is distinguishable from this case based on its underlying facts and that the District Court erred when it dismissed Skites' complaint as a matter of law. Therefore, I dissent from the majority's conclusion which affirms the judgment of the District Court.

/S/ TERRY N. TRIEWEILER

Justice William E. Hunt, Sr., concurs in the foregoing dissent of Justice Terry N. Trieweiler.

/S/ WILLIAM E. HUNT, SR.