JUSTICE TRIEWEILER
dissenting.
¶23 I dissent from the majority’s conclusion that the complaint Stephani A. Skites filed with the Montana Human Rights Commission was untimely on its face.
¶24 Skites alleged that “continuing discrimination took place on April 15, 1996.” She later explained in her complaint that “she returned to work on April 15,1996. No accommodations had yet been made. She was subsequently instructed to resign her position due to her physical disability.”
¶25 Finally, Skites alleged that her emploj^er violated the Montana Human Rights Act for the following reasons: “A. Accommodations for physical disability were never met.”
¶26 It is clear from reading all the allegations of Skites complaint rather than the few words on which the majority opinion focuses that Skites alleged that she was discriminated against based on a physical handicap because when she returned to work for her employer on April 15, 1996, her employer refused to accommodate her disability and she was, therefore, forced to resign. The necessary conclusion from her allegations is that the discrimination continued until she was forced to resign. While it is true that no specific date of resignation is alleged in the complaint, that doesn’t mean, as the majority concludes, that the last discriminatory act alleged occurred on April 15,1996 and that the complaint is therefore barred based on the statute of limitations as a matter of law. At best, there was an issue of fact regarding the last discriminatory act which could have and should have been resolved by an evidentiary hearing or an order requiring more specific pleadings.
¶27 Skites’ allegation that discrimination based on disability is a continuing offense for purposes of determining when the statute of limitations begins to run is supported by federal law interpreting the federal counterpart to Montana’s Human Rights Act. See Harmon v. Fred S. James & Co. of Colorado, Inc. (Colo. App. 1994), 899 P.2d 258, 261.
¶28 A federal district court defined the continuing violation doctrine as:
That theory, applicable in discrimination lawsuits in which the alleged discriminatory action is ongoing by nature rather than a distinct or isolated event, tolls the running of the statute of limita *163 tions until the occurrence of the last instance of the allegedly discriminatory activity.
Equal Employment Opportunity Comm’n v. Westinghouse Elec. Corp. (D.N.J. 1986), 646 F. Supp. 555, 565. Therefore, as a matter of law, if Blue Cross discriminated against Skites as alleged in Skites’ complaint, the discrimination continued until the date of her discharge and the 180-day period for filing her complaint with the Human Rights Commission did not begin to run until that date. There is no precedent for concluding that because Skites failed to allege that date in her complaint, the complaint is defective as a matter of law on its face. Nor is any authority to that effect cited by the majority.
¶29 The majority opinion states in paragraph 4 that Skites was inconsistent when she alleged that Blue Cross first failed to accommodate her on June 2,1996 and that its discrimination began again on April 15,1996. There is nothing inconsistent, however, about Skites’ allegations. She was off of work for a period of time prior to January 2, 1996 for health related reasons. When she returned to work, she alleges that her employer failed to accommodate her physical impairment. She was off work again for a period of time prior to April 15, 1996 for the same reasons. She alleged that once again when she returned to work on April 15 her employer refused to accommodate her physical impairment. There is nothing inconsistent about those allegations.
¶30 In paragraph 15 of its opinion the majority bemoans the fact that Skites’ method of draftsmanship would “prevent the MHRC from having the ability to determine, from the face of an MHRC complaint, whether the complaint was timely filed ....” So what? There is no legal requirement that a court or agency be able to determine from the face of a complaint that it was timely filed. If a party objects to a complaint on the basis that it was untimely, the complaint can be amended or further information provided. That does not seem like a cumbersome or unreasonable process to me. Nor is any authority provided by the majority for their conclusion that every forum in which a complaint is filed has to be able to determine from the face of the complaint whether it was filed within the time period provided for by the appropriate statute of limitations.
¶31 For these reasons, I conclude that our decision in Hash v. U.S. West Communications Services (1994), 268 Mont. 326, 886 P.2d 442 is distinguishable from this case based on its underlying facts and that the District Court erred when it dismissed Skites’ complaint as a *164 matter of law. Therefore, I dissent from the majority’s conclusion which affirms the judgment of the District Court.
JUSTICE HUNT concurs in the foregoing dissent of JUSTICE TRIEWEILER.